NO. 07-03-0252-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 11, 2003

______________________________

EDWARD SANCHEZ HINAJAS AKA EDWARD SANCHEZ

 HINOJOSA AKA EDWARD SANCHEZ HINOJOS,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 320
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 46,042-D; HON. DON EMERSON, PRESIDING

_______________________________

DISMISSAL 

 _______________________________ 

Before QUINN and REAVIS, JJ. and BOYD, S.J.
(footnote: 1)
 Appellant, Edward Sanchez Hinajas, appeals his conviction for Aggravated Sexual Assault.  We dismiss the proceeding for lack of jurisdiction. 

The judgment indicates that sentence was imposed on March 13, 2003.  Appellant then filed a document purporting to be a notice of appeal on May 22, 2003.  No motion for new trial was filed.   

To be timely, a notice of appeal must be filed within 30 days after the sentence is imposed or suspended in open court or within 90 days after that date if a motion for new trial is filed.  
Tex. R. App. P
. 26.2(a).  Thus, appellant's notice of appeal was due to be filed on or about April 14, 2003, but was not filed until May 22, 2003.  Furthermore, he did not move for an extension of the deadline.

A timely filed notice of appeal is essential to invoke our appellate jurisdiction.  
Olivo v. State
, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  If the notice is not timely, then the court of appeals can take no action other than to dismiss the proceeding.  
Id
. at 523.  Because appellant's notice of appeal was untimely filed, we have no jurisdiction to consider the appeal. 

Accordingly, the appeal is dismissed. 

                                                Per Curiam 

Do not publish. 

FOOTNOTES
1:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov’t Code Ann. §75.002(a)(1) (Vernon Supp. 2003).